IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PABLO BAUER,
           Plaintiff,

vs.                                            3:09cv547/MCR/MD

ARNP NICHOLS, et al.
            Defendants.

_____

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  Leave to proceed *in forma pauperis* was granted and no initial partial filing fee was assessed.  (Doc. 4). The record reflects that plaintiff has made no payments towards the $350.00 filing fee.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless."  *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time the events giving rise to this complaint took place, and he remains confined in that institution. Named as defendants in this action are ARNP Nichols, Dr. Kwame Asante, and Assistant Warden J. Haas, all of SRCI. He sues all three defendants in their individual and official capacities. Plaintiff contends that he received inadequate medical care for an issue

involving his left ear.  According to the most recent complaint, plaintiff states that he has gone to sick call a number of times about partial hearing loss in his left ear.  (Doc. 12 at 5). ARNP Nichols apparently believes that plaintiff has either an infection or fluid behind his ear drum.  Plaintiff states that he has explained that he does not have either of these conditions, but nevertheless, each time he goes to sick call he is given a different medication to see whether that will help his problem.  (Doc. 12 at 5).  Although he indicates that at some point the problem was worsening, he states that he has not gone to sick call since November 16, 2009.

Plaintiff alleges that he notified Ms. Haas and Dr. Kwame about the issue via the grievance procedure.  He apparently was not satisfied with their responses to his grievances, as he now claims that they did not ensure that he received adequate treatment.

In the statement of claims, plaintiff indicates that he sues ARNP Nichols in her individual and official capacities for violations of his Eighth Amendment rights, and Dr. Kwame and Assistant Warden Haas in their individual and official capacities for violations of his Fourteenth Amendment rights.   The only relief requested, however, relates to the employment capacities of the three defendants.  He asks that ARNP Nichols be stripped of her position within the DOC and her medical license revoked, that Dr. Kwame be stripped of his position and not be able to practice within the DOC, and that Assistant Warden Haas be demoted to a C.O. position.   The relief requested is beyond the jurisdiction of the federal court, and on this basis alone his case is subject to dismissal.

Even if plaintiff sought monetary relief, his case is due to be dismissed.  First, his official capacity claims against the three defendants would be barred by Elevneth Amendment Immunity.  Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases. *Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); see also *Manders v. Lee*, 338 F.3d 1304, 1308 n. 8 (11th Cir. 2003) (en banc)). Absent waiver or express congressional abrogation, the Eleventh Amendment

prohibits a suit brought by a private individual against a state in federal court. *See Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986). A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989). Thus, to the extent plaintiff sues defendants in their official capacities, the defendants are entitled to Eleventh Amendment immunity. A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities. *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).

To the extent plaintiff alleges that Kwame and Haas failed to respond appropriately to his grievances, no due process claim lies. There is no constitutional right to an effective grievance procedure or access to any such procedure established by a state. See *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) (per curiam); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988); *Wildberger v. Bracknell,* 869 F.2d 1467 (11th Cir. 1989); *Rivera v. Pennsylvania Dept. of Corrections*, 346 Fed.Appx. 749, 751 (3rd Cir. 2009) (citing *Flick*); *Mays v. Wilkinson,* 181 F.3d 102 (6th Cir. 1999) (Table, text in WESTLAW). Even if a grievance mechanism has been created, it involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause. *Massey v. Helman,* 259 F.3d 641, 647 (7th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, procedural due process is not violated by the failure to respond to an internal prison grievance absent a showing that the prisoner had a protected liberty interest in such. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Ouzts v. Cummins*, 825 F. 2d 1276, 1277 (8th Cir. 1987). A liberty interest does not arise merely from the existence of regulations creating an administrative remedy procedure. *Flick*, 932 F.2d at 729; *Antonelli*, 81 F.3d at 1430. Moreover, the mere failure to respond to a grievance, or respond to a grievance in a particular way, does not "impose an atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life."  *See Sandin v. Conner*, 115 S.Ct. 2293 (1995) (establishing new test for determining existence of liberty interest); *Grinter v. Knight,* 532 F.3d 567 (6th Cir. 2008) (denial of administrative grievances or failure to act by prison officials does not subject them to liability under § 1983); *Gilbert v. Shimoda*, 62 F.3d 1424, 1995 WL 465783 (9th Cir. 1995) (Table, Text in Westlaw) (under *Sandin,* the failure to respond to prison grievance presents no due process claim).

Finally, plaintiff's allegations do not establish an Eighth Amendment violation against ARNP Nichols.  A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999).  "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06.  Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious."  *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000,  117 L.Ed.2d 156 (1992).  To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).  First, a plaintiff must set forth evidence of an objectively serious medical need.  *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543.  Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need.  *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.  Third, as with any tort claim, he must show that the injury was caused by the defendant's wrongful conduct.

*Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995)). No liability arises for an official's failure to alleviate a significant risk that he should have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

There are at least two different tests for determining whether a medical need is serious. *Danley v. Allen,* 540 F.3d 1298, 1310 (11th Cir. 2008). One test is whether the delay in treating the need worsens it. *Id.* Citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir.1994). The other test is whether the need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Danley, 540 F.3d 1310-1311 (quoting *Hill*, 40 F.3d at 1187); *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004) (citing *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970)); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation. *Hill*, 40 F.3d at 1187-1188. Circuit precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not.[1]

---

[1]The *Farrow* court cited the following examples: *Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), and *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need), and *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (evidence showing that plaintiff's leg collapsed under him, was deteriorating, caused pain when moved, and that he was virtually unable to walk, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need), with *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (inmate's "pseudofolliculitis barbae" or "shaving bumps," even if shaving required

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); see also *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting, after *Farmer v. Brennan*, 114 S.Ct. 1970 (1994), that gross negligence is needed to satisfy state-of-mind requirement for deliberate indifference)); *Townsend v. Jefferson County,* 601 F. 3d 1152, 1158 (11th Cir. 2010) (same); *Farrow*, 320 F.3d at 1245-46 (citing *McElligott*, 182 F.3d at 1255; *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980). Plaintiff must demonstrate that defendants' response to a medical need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Case v. Riley,* 270 Fed. Appx. 908, 2008 WL 764560 (11th Cir. 2008) (quoting Taylor, 221 F.3d at 1258).

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th

---

by prison officials when physician ordered otherwise, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"), and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate's high blood pressure presented no "true danger" or "serious threat" to his health; he also had full range of motion in his shoulder despite continuing pain from a three-year old injury). See also *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (prisoner's HIV and hepatitis were serious medical needs);

Cir. 1989)); *Hilton v. McHugh*, 178 Fed.Appx. 866 (11th Cir. 2006). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm v. DeKalb County* , 774 F.2d 1567, 1575 (11th Cir. 1985); *Turner v. Solorzano*, 2007 WL 1217882, *2 (11th Cir. 2007) (table, text in WESTLAW). A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Nonetheless, the court can find that the medical treatment was so slight as to amount to no treatment at all, and therefore the mere fact that treatment was provided does not end the inquiry. *Waldrop*, 871 F.2d at 1035. Similarly, grossly incompetent or inadequate medical care or the choice of an easier but less efficacious course of treatment can constitute deliberate indifference. *McElligott*, 182 F.3d at 1255; *Case v. Riley*, 270 Fed. Appx. 908, 2008 WL 764560 (11th Cir. 2008) (citing *Harris*, 941 F.2d at 1505). For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Farrow,* 320 F.3d at 1246 (quoting *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997)); cf. *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) (reversing district court's grant of summary judgment for defendants where prison officials took no action when pregnant inmate complained that she had been leaking amniotic fluid for more than a week and needed to see a doctor); *Lancaster*, 116 F.3d at 1426-27 (involving a chronic alcoholic dying from a withdrawal-induced seizure while in custody after his wife warned jailers about his propensity for life-threatening seizures as he withdraws).

Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow,* 320 F.3d at 1246 (quoting *McElligott*, 182 F.3d at 1255). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the

reason for the delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272 n. 11 (11th Cir. 2005) (quoting *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994)).  A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Farrow*, 320 F.3d at 1246 (citing *Hill*, 40 F.3d at 1190 n. 26; *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986) (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985))).  "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition and considering the reason for delay."  *Hill,* 40 F.3d at 1189.  "[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272, n. 11 (11th Cir. 2005) (quoting *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997); accord *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th  Cir.1994); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990); *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988); *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985)).  In this case, the court finds that plaintiff has failed to establish deliberate indifference to an objectively serious medical need.  Plaintiff was seen in medical numerous times for this issue.  The attending nurse consulted with ARNP Nichols who has tried plaintiff on various medications.  Although plaintiff asserts that he still has an issue with his ear, he has not returned to sick call since November 16, 2009, and ARNP Nichols surely cannot be faulted for any alleged deliberate indifference after that time.  Plaintiff's disagreement with the decision not to refer him to a specialist, and his personal belief that he has neither an infection nor water behind the eardrum, despite to diagnosis by ARNP Nichols, does not establish a constitutional violation.[2]  Thus, even if he had sought the proper relief in this case, the court would conclude that he has not stated an Eighth Amendment claim against ARNP Nichols.

---

[2]The court notes that grievances attached to plaintiff's initial complaint reflect that he was informed that his hearing would be decreased until the fluid in his ear was gone.  (Doc. 1 at 13)

Plaintiff's complaint as presented fails to state a claim for the relief requested. Furthermore, even if plaintiff were to amend the relief requested, his complaint fails to state a viable § 1983 claim for monetary damages.  Therefore, as plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 19th day of August, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).